IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60149
Summary Calendar
_____


In The Matter of: N. HANEY HUDSON,

                                                    Debtor,

N. HANEY HUDSON,

                                                    Appellant,

                          versus

H. ALEX SHIELDS,

                                                    Appellee.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
(3:93-CV-784)
_____
August 28, 1996
Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     N. Haney Hudson, a debtor in Chapter 7 bankruptcy, filed this
pro se appeal of the district court's judgment and order of
dismissal and its order denying Hudson's motion for
reconsideration.  We affirm.

_____

     [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

The factual background of this appeal is set forth in the district court's memorandum opinion (filed May 11, 1995) and need not be repeated for the purposes of our affirmance.

Although Hudson's brief on appeal is, in many instances, incomprehensible, we understand him to challenge generally the district court's judgment and order dismissing his appeal. In addition, he takes particular issue with the district court's (1) affirmance of the bankruptcy court's abstention from hearing Mississippi state law issues pursuant to 28 U.S.C. § 1334(c)(1); and (2) ruling that the provisions of 11 U.S.C. § 1123(a)(5)(G) have no application to the facts of this case.

The decision to grant permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) lies within the discretion of the district court; our court will not reverse that decision unless the district court has clearly abused its discretion. Matter of Howe, 913 F.2d 1138, 1143 (5th Cir. 1990). Our review of the record on appeal reveals no abuse of discretion in this matter.

With respect to subsection 1123(a)(5)(G) of the federal bankruptcy code, we agree with the district court that "Hudson's appeal pursuant to this provision ... is misplaced ... ." The purpose of subsection 1123(a) is to specify what a plan of reorganization in bankruptcy must contain. 11 U.S.C. § 1123(a) historical and statutory note. Contrary to Hudson's arguments

(which are not supported by precedent), the clear words of the statute do not provide or imply any form of postconfirmation relief in his case.

Hudson also challenges the district court's order entered on February 16, 1996 that denied his motion for reconsideration. A postjudgment motion for reconsideration or rehearing is generally considered a Rule 59(e) motion to alter or amend, if it challenges the correctness of the judgment. In re Stangel, 68 F.3d 857, 859 n.1 (5th Cir. 1995). We review the denial of a Rule 59(e) motion under an abuse of discretion standard. Midland West Corp. v. Fed. Deposit Ins. Corp., 911 F.2d 1141, 1145 (5th Cir. 1990). Under this standard, the district court's decision and decision-making process need only be reasonable. Id. We hold that the district court's decision to deny Hudson's motion for reconsideration was reasonable and accordingly find no abuse of discretion.

The district court's judgment and orders are

A F F I R M E D.